USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

Jacqueline Caspare,

Plaintiff,

-against-

N.Y. Home Maint. Co., Inc. and Albert Borrelli, Jr. a/k/a Albert Borrelli,

Defendants.

---------------------------------------------------------------X

7:25-cv-06108-VR

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**[1]

Plaintiff filed this action on July 24, 2025, alleging claims against Defendants for violating the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL") for unpaid overtime wages. (ECF No. 1).[2] The parties now seek approval of their settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF No. 26; ECF No. 28).[3] For the reasons that follow, the application is **GRANTED.**

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks*, 796 F.3d at

[1] The parties have consented to the Court's jurisdiction under 28 U.S.C. §636(c). (ECF No. 25).
[2] All page numbers refer to ECF pagination.
[3] At the Court's direction, Plaintiff submitted supplemental information regarding (1) Plaintiff's counsel's contemporaneous time records; (2) invoices or receipts substantiating the requested costs; and (3) the retainer agreement signed by Plaintiff. (ECF No. 28).

200). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g., Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). In doing so, district courts consider the "totality of circumstances," including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

The following factors also "weigh against approving a settlement": (1) the existence of other employees situated similarly to a plaintiff; (2) a likelihood that a plaintiff's circumstance will recur; (3) a history of FLSA non-compliance by the same defendant employer or other employers in the same industry or geographic region; and (4) the desirability of a mature record and a demand for the governing factual or legal issue to further the development of the law either generally or in a particular industry or workplace. *Wolinsky*, 900 F. Supp. 2d at 336. "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 335 (internal quotation marks and citation omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to

determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, Nos. 14-cv-9063, 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (citation omitted).

**A. Settlement Agreement**

After reviewing the parties' submissions and considering the totality of the circumstances, the Court finds the proposed settlement agreement fair and reasonable. As explained below, all five *Wolinsky* factors favor approval.

First, the Court considers Plaintiff's "range of possible recovery" and compares it with the amount she would receive under the settlement. Here, Plaintiff estimates that she could recover about $178,413 in unpaid overtime wages. (ECF No. 26, at 1). The proposed settlement agreement provides for a total settlement payment of $87,500, inclusive of attorneys' fees and costs. (ECF No. 26, at 6). That amount is about 50% of Plaintiff's estimated maximum recovery. Of that sum, Plaintiff would receive $57,509.34, counsel would receive $28,754.66 in fees, and $1,236.00 would cover costs. (*Id.*). Thus, even after deducting fees and expenses, Plaintiff would still receive about 32% of her estimated damages. That percentage falls well within the range approved in this District in FLSA cases. *See, e.g., Soto v. Triumph Constr. Corp.*, No. 21-cv-2449 (VSB), 2023 WL 3483753, at *3 (S.D.N.Y. Apr. 26, 2023) (approving settlement amount to Plaintiff that "still represents approximately 15% of the total possible recovery"); *Castillo Carbajal v. K&P Facilities Maint. Inc.*, No. 23-cv-269 (AEK), 2023 WL 4134325, at *2 (S.D.N.Y. June 22, 2023) (approving settlement amount where each plaintiff received

"approximately 30% of the maximum potential individual recovery for each of the [p]laintiffs"); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632(AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving settlement where plaintiff received "approximately 20 per cent of [the] total possible" amount recoverable at trial); *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff received "approximately 18% of [p]laintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range") (collecting cases).

Second, the Court considers whether the settlement will allow the parties to avoid further expenses and burdens in proving their claims and defenses. Although discovery is complete, the parties were preparing for trial. Settlement spares them further preparation and trial expenses. *See Perez v. Pearl River Pastry, LLC*, No. 21-cv-1259 (AEK), 2022 WL 14757824, at *2 (S.D.N.Y. Oct. 25, 2022) (finding that the proposed settlement would allow parties to avoid "the expense of motion practice and trial").

Third, the Court evaluates the seriousness of the litigation risks faced by the parties. Both sides face risks here. They dispute whether Plaintiff was exempt from overtime requirements. They also dispute her claimed hours, and Plaintiff acknowledges that she "did not have documented proof of all of her claimed off-the-clock work." (ECF No. 26, at 1). Each side's prospects at trial therefore turn on

contested factual issues, which suggests that the settlement reflects a reasonable compromise. *See Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) ("[T]he adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and if the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." (citation modified and omitted)).

As to the fourth and fifth factors, the Court considers whether the settlement agreement was reached through arm's-length bargaining between experienced counsel and whether it appears to be free from fraud or collusion. Here, nothing in the record suggests otherwise. The parties completed discovery, mediated with the Court's volunteer mediators, exchanged initial pretrial submissions, and attended a settlement conference shortly before their scheduled trial. (*See* ECF No. 15; Minute Entry for 7/16/2026; Minute Entry for 8/26/2026). *See Almanzar v. Silver Star Properties Corp.*, 699 F. Supp. 3d 253, 256 (S.D.N.Y. 2023) (finding the fourth and fifth *Wolinsky* factors satisfied because "[p]laintiff was represented by experienced counsel, the parties participated in a mediation with [the court's] volunteer mediators, and there was no indicia of fraud or collusion").

In addition, none of the *Wolinsky* factors weigh against approval of the settlement agreement. This case involves one plaintiff; the agreement affects only her; and the Court is unaware of similarly situated employees. Because Defendants no longer employ Plaintiff, her circumstances are unlikely to recur. (ECF No. 1, ¶ 22

(alleging that Plaintiff was fired in 2025)). Nor does the record disclose a history of FLSA noncompliance by this employer or a novel issue whose resolution would develop the law.

Finally, the proposed settlement agreement has no problematic provisions that would bar approval. It has no confidentiality or non-disparagement provisions, and its release is properly limited to the wage and hour claims asserted here and related claims that could have been asserted. (ECF No. 26, at 8-9). *See Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016); *Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1-2 (S.D.N.Y. Apr. 5, 2021).

**B. Attorneys' Fees and Costs**

If a proposed FLSA settlement includes attorneys' fees, the court must also assess whether the fee award is reasonable. *See Fisher*, 948 F.3d at 600; *see also* 29 U.S.C. § 216(b) ("The court . . . *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)). Courts may assess fees using either the "lodestar" method or the "percentage of the fund" method. *Xiao*, 2016 WL 4074444, at *2 (citations omitted). Under the latter approach, courts in this District "regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Id.* (collecting cases); *see also Santos*, 2021 WL 431451, at *2; *Nash v. Countywide Carting, LTD*, No. 19-cv-9138 (AEK), 2022 WL 602998, at *4 (S.D.N.Y. March 1, 2022).

Here, the proposed settlement agreement awards Plaintiff's counsel $28,754.66 in attorneys' fees and $1,236.00 in costs. (ECF No. 26, at 6). Those attorney's fees equal one-third of the settlement amount, consistent with Plaintiff's retainer agreement. (ECF No. 28, at 16). As noted above, courts in this District "regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Xiao*, 2016 WL 4074444, at *2 (collecting cases); *see also Santos*, 2021 WL 431451, at *2 ("[C]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." (citation omitted)); *Nash*, 2022 WL 602998, at *4.

Still, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this [C]ircuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Santos*, 2021 WL 431451, at *2 (citation omitted). To that end, plaintiff's counsel submitted contemporaneous time records to support the fee request. (ECF No. 28, at 4-10). Counsel reports years of experience representing plaintiffs in FLSA and NYLL wage-and-hour cases and 74.2 hours of work at $500 per hour. The resulting lodestar is $37,100.[4] (ECF No. 26, at 2, n.2). The requested fee award of $28,754.66 is below that lodestar and is fair and reasonable. *See Fuentes v. Highgate Cleaners Inc.*, No. 20-cv-3925 (OTW), 2022 WL 14717835, at *2 (S.D.N.Y. Oct. 25, 2022) (finding attorney's fees award reasonable where it is "less than [p]laintiff's counsel's stated lodestar"); *Gervacio*,

[4] Because the Court finds the requested fee to be reasonable, it will not separately address whether the rate and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

2019 WL 330631, at *3 ("The true lodestar amount is [ ] greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

Counsel also submitted receipts substantiating $1,235.80 in costs and expenses, which include a $405 filing fee and $830.80 for a deposition transcript. (ECF No. 26, at 2, n.1; ECF No. 28, at 12-14). These documented expenses are recoverable. *See, e.g., Cortes*, 2016 WL 3455383, at *6 ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient." (citations omitted)).

## CONCLUSION

For the reasons stated above, the parties' application for settlement approval is **GRANTED**. Plaintiff will receive a total of $87,500, with $57,509.34 payable to Plaintiff, and $29,990.66 payable to her counsel ($28,754.66 in fees and $1,236.00 in costs).

The Clerk of Court is respectfully requested to close the gavel on ECF No. 26.

**SO ORDERED.**

DATED: White Plains, New York
October 26, 2026

VICTORIA REZNIK
United States Magistrate Judge